## FRANK LEE V. THE STATE.

### No. 9329.  Delivered October 21, 1925.

### Rehearing denied November 18, 1925.

**1.—Disposing of Mortgaged Property—Bill of Exception—Incomplete— Cannot be Considered.**

Where, on a trial for disposing of mortgaged property, a bill of exception complains of the introduction of the mortgage, and does not set same out in the bill, nothing is presented to us for review. The requisites of a bill of exception were set out in the recent case of Robbins v. State, 272 S. W. 176, and appellant's bill now under consideration wholly failing to meet those requirements cannot be considered by us.

**2.—Same—Bill of Exception—Requisites of.**

What has just been said with reference to appellant's bill No. 2 applies with equal force to his bill of exception No. 3, in which he complains of the admission in evidence of a letter, purporting to have been signed by appellant, without setting out the letter in the bill, or in any way pointing out intelligently the error complained of.

**3.—Same—Argument of Counsel—Bill of Exception—Not Considered.**

Where a bill of exception complains of the argument of counsel, without pointing out the surrounding circumstances which would disclose error in such argument, we are not able to intelligently say whether same was error or not.

ON REHEARING.          ....

**4.—Same—Evidence—Chattel Mortgage—Certified Copy Admissible.**

In passing upon the sufficiency of the evidence in our original opinion we found that a certified copy of the chattel mortgage had been admitted in evidence. No error is disclosed in this procedure, as under our Statutes the original of a chattel mortgage shall remain with the county clerk where filed, and under Art. 5657 Vernon's Complete Statutes of 1920, proof of the instrument is ordinarily made by a certified copy.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for disposing of mortgaged property, penalty two years in the penitentiary.

The opinion states the case.

*J. Frank Wilson,* for appellant.

*Shelby S. Cox,* District Attorney, *Wm. McGraw,* Assistant District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Dallas County for the offense of disposing of mortgaged property and his punishment assessed at confinement in the penitentiary for a term of two years.

The facts are amply sufficient to support the verdict.

By bill of exceptions No. 2 appellant complains that:

"The State offered in evidence some sort of a mortgage alleged to have been signed by defendant, over defendant's duly reserved objection and exception; that counsel for defendant made the following objection to the offering of said mortgage: because the mortgage does not set out the location of the property at the time the mortgage was taken; because there is no stipulation in the mortgage stating that it was subsisting at the time of the disposition of the property; and because the certified copy of the mortgage is not the best evidence to be introduced."

This bill of exceptions is entirely insufficient to show any error. We have had occasion, in the very recent case of Robbins v. State, 272 S. W. 176, to state our views with reference to what a bill of exceptions should contain in order to warrant this court in considering it. In that case, we attempted to clearly state the necessary requisites of a bill of exceptions and the bill in the instant case does not comply with any of the necessary requirements, even the mortgage itself is not set out in the bill of exceptions, and we find in the bill no facts stated which would warrant us in holding that error is shown in connection with the introduction of this mortgage.

By bill No. 3 complaint is made to the effect that "the State offered in evidence a letter alleged to have been signed by defendant which was immaterial and irrelevant, and which had no bearing on the case whatever, but it was used by the State entirely to prejudice the jury against defendant by unfair and disreputable means." What has just been said with reference to bill of exceptions No. 2 applies with equal force to this bill. The letter itself is not incorporated in the bill and no facts whatsoever are stated that would enable this court to determine whether or not error is shown by the bill.

We have carefully examined bill No. 4, which complains at the argument of the district attorney and said bill is too meagre to enable us to intelligently pass upon it. The bill does nothing more than set out the argument made by the district attorney and follow it with the statement that the defendant objected to the argument and that the court overruled the objection.

There being no reversible error shown by this record, it is our opinion that the judgment should be in all things affirmed.

. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing raises the same legal questions that were before the court upon the original hearing.

The motion is also critical of the court in holding the evidence sufficient, advancing the theory that in the absence of a certified copy of the mortgage which was introduced in evidence, no verdict of conviction should stand. This may be conceded, but the certified copy of the mortgage found in the statement of facts must be considered in passing upon the sufficiency of the evidence. As stated in the original opinion, the bill of exceptions complaining of the introduction of the mortgage was not sufficiently specific to present any question for review. The bill is set out in the original opinion, and the mortgage is neither quoted nor described in the bill. However, if addressed to the mortgage which is found in the statement of facts, no reason is perceived for holding that the court was in error in receiving it in evidence. As found in the statement of facts, the mortgage comports with the descriptive averments contained in the indictment. The complaint that it was a certified copy is not tenable for the reason that, as we understand the Statute, the original chattel mortgage shall remain with the clerk of the county in which it is filed, and proof of it is ordinarily made by a certified copy. See Vernon's Complete Statutes of 1920, Art. 5657. Manifestly the bill fails to show that upon the trial circumstances arose which required the production of the original instrument.

The motion for rehearing is overruled.

*Overruled.*